LAUREL A. HOEHN (CA State Bar No. 232946)
Deputy County Counsel
MICHELLE D. BLAKEMORE (CA State Bar No. 110474)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415
Telephone: (909) 387-5287
Facsimile: (909) 387-4069
E-Mail: laurel.hoehn@cc.sbcounty.gov

Attorneys for Defendant, County of San Bernardino

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, JULIO GARCIA, PROBATION OFFICER RUTLEDGE, YBON CORTA, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 5:20-cv-01135-JGB-KKx<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SERVICE AND/OR DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>[Fed. R. Civ. P. 12(b)(5)]<br><br>Date:　　August 3, 2020<br>Time:　　9:00 a.m.<br>Ctrm.:　　1<br><br>Assigned to:<br>Honorable Jesus Bernal<br>United States District Judge<br><br>Referred to:<br>Honorable Kenly Kiya Kato<br>United States Magistrate Judge |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

1

PLEASE TAKE NOTICE that on August 3, 2020 at 9:00 a.m., or soon thereafter as may be heard in Courtroom 1 of the United States Courthouse located at 3470 Twelfth Street, Riverside, CA 92501, Defendants JULIO GARCIA, PROBATION OFFICER RUTLEDGE, and YBON CORTA (collectively "Defendants") will specially appear through counsel and hereby move this Court for an order quashing service and dismissing this action against them pursuant to *Federal Rules of Civil Procedure*, Rule 12(b)(5). Defendant's Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, Declaration of Lisa Arredondo, the Complaint, and such additional matters as may be judicially noticed or properly before this Court to or at the hearing on this matter.

On June 22, 2020, Defendant County of San Bernardino's counsel, Deputy County Counsel Laurel A. Hoehn, wrote to Plaintiff's counsel in an attempt to meet and confer regarding the lack of proper service on the individuals pursuant to Local Rule 7-3. Plaintiff's counsel wrote back on or about June 24, 2020, expressing disagreement about the lack of service and believing service on the individuals was proper. No resolution could be achieved and thus, this motion is necessary.

DATED: June 30, 2020                Respectfully submitted,

                                            MICHELLE D. BLAKEMORE
                                            County Counsel

                                            */s/ Laurel A. Hoehn*
                                            LAUREL A. HOEHN
                                            Deputy County Counsel
                                            Attorneys for Defendant
                                            County of San Bernardino

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On or about June 10, 2020, Plaintiff attempted to serve the Summons and Complaint in this matter on all four named defendants, COUNTY OF SAN BERNARDINO, JULIO GARCIA, PROBATION OFFICER RUTLEDGE, and YBON CORTA, by dropping four copies on the Clerk of the Board via receptionist, Lisa Arredondo.  While Ms. Arredondo has authority to accept service on behalf of the County of San Bernardino, she lacks any such authority to accept service on behalf of the individual defendants, Garcia, Rutledge, and/or Corta, as is reflected in the filed proofs of service for each.  (Docket 11-14.)  Accordingly, the alleged service on Defendants JULIO GARCIA, PROBATION OFFICER RUTLEDGE, and YBON CORTA was defective and despite filing proofs of service, proper service has not actually been obtained by Plaintiff.  Therefore, the service should be quashed pursuant to Fed. R. Civ. P. 12(b)(5).

## II.

## FACTS AND PROCEDURAL HISTORY

The Complaint was filed on June 2, 2020 (Docket 1.)  A 21-day Summons was issued on June 3, 2020 as to Defendants COUNTY OF SAN BERNARDINO, JULIO GARCIA, PROBATION OFFICER RUTLEDGE, and YBON CORTA.  (Docket 9.)  Thereafter, on June 10, 2020, an individual delivered four (4) copies of the Summons and Complaint in this matter to the receptionist, Lisa Arredondo, of the Clerk of the Board, located at 385 N. Arrowhead Ave., San Bernardino, CA.  (Declaration of Lisa Arredondo, ¶ 3, filed concurrently herewith and hereinafter referred to as "Arredondo Dec.".)

Ms. Arredondo does not have authority to accept service on behalf of JULIO GARCIA, PROBATION OFFICER RUTLEDGE, and/or YBON CORTA.  (Arredondo Dec., ¶¶ 4.)  At the time of the attempted service, Ms. Arredondo informed the individual

that she was not authorized to accept anything other than what was being served on the County of San Bernardino. The individual asked Ms. Arredondo whether she knew where he could serve the individual defendants, JULIO GARCIA, PROBATION OFFICER RUTLEDGE, and/or YBON CORTA. She responded that he would need to get that information from the company he works for and that she could not disclose that information. The individual then left the premises. (Arredondo Dec., ¶¶ 5, 6.)

On June 24, 2020, Plaintiff filed four proofs of service, claiming service on the County of San Bernardino, GARCIA, RUTLEDGE, and YBON via service on Lisa Arredondo, who was designated to accept service on behalf of the County of San Bernardino, *only*. (Docket 11, 12, 13, and 14.) This is not proper service of the individuals and specially appearing defendants hereby request a court order to quash the insufficient attempt at service of process and to dismiss the Complaint as against them for the reasons stated further below.

## III.
## STANDARD

Federal Rules of Civil Procedure, Rule 12(b)(5) permits a challenge to the method of service attempted by a plaintiff. If a Rule 12(b)(5) motion is granted, the court may dismiss the improperly served defendants and/or the entire action. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); see also *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998). Unless a plaintiff properly serves a defendant with summons and complaint, the court lacks personal jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Neither actual notice of the complaint, nor simply naming the defendant in the caption, subjects a defendant to personal jurisdiction absent service that complies with Rule 4, *Ibid*.

Where the validity of service is contested by a Rule 12 motion, the burden is on plaintiff as the party claiming proper service has been effected, to establish the validity of service. *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).

///

## IV.

## ARGUMENT

A. <u>DUE TO THE INSUFFICIENCY OF SERVICE, THE COURT MUST QUASH THE DEFECTIVE SERVICE OF PROCESS ON GARCIA, RUTLEDGE, AND CORTA AND DISMISS THE COMPLAINT AS TO THEM PURSUANT TO *FED. R. CIV. P.* 12(b)(5)</u>.

A Court may dismiss a complaint for ineffective services of process pursuant to *Fed. R. Civ. P.*, Rule 12(b)(5) if the plaintiff fails to establish that he or she has properly effectuated serviced pursuant to Rule 4. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir.1987). A motion to dismiss for insufficiency of service of process is the proper vehicle for challenging the mode of delivery or lack of delivery of summons and complaint. *Wasson v. Riverside County,* 237 F.R.D. 423, 424 (C.D. California 2006) "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other provision of law." *Light v. Wolf*, *supra*, 816 F.2d at 751.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988), stating that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id*. (citation and internal quotations omitted). "Nonetheless, without substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id*. (citations and internal quotations omitted.)

In pertinent part, Rule 4(e) permits an individual to be served with the summons and complaint (1) pursuant to the state law in the state where the district court is located or (2) by personal delivery, leaving a copy at the individual's dwelling or usual place of

abode with someone of suitable age and discretion who resides there, or delivering a copy to an authorized agent. *Fed. R. Civ. P.* 4(e).

California *Code of Civil Procedure* §§ 415.10 and 415.20 set forth the manner of service of process on an individual, such as GARCIA, RUTLEDGE, and CORTA. California *C.C.P.* § 415.10 authorizes service by personal delivery of a copy of the summons and complaint to the person to be served. California *C.C.P.* § 415.20 allows substituted service by leaving a copy of the summons and complaint during usual office hours and thereafter mailing a copy to the person with whom it was left.

Here, plaintiff attempted to effectuate service of process on GARCIA, RUTLEDGE, and CORTA by delivering copies of the summons and complaint to the Clerk of the Board of the County of San Bernardino. (Arredondo Dec., ¶ 3.) Ms. Arredondo did not have authority to accept and even told the process server that she was not authorized to accept service on behalf of GARCIA, RUTLEDGE, and CORTA. (Arredondo Dec., ¶¶ 3-5.) This method of service was not effective according to *Federal Rules of Civil Procedure* or California law because none of the individuals were personally served with the summons and complaint.

Further, the summons and complaint was not delivered to a person apparently in charge of the individual defendants' place of business and subsequently mailed to the individual defendants. The declaration of Ms. Arredondo establishes that as the receptionist for the Clerk of the Board, she was not in charge of GARCIA, RUTLEDGE, and CORTA and articulated the same to the process server. To date, she has not received a copy of the summons and complaint via U.S. mail. (Arredondo Dec., ¶ 6.) Neither actual notice of the complaint nor simply naming them in the caption subjects defendants like GARCIA, RUTLEDGE, and CORTA to personal jurisdiction absent service that complies with Rule 4. *Jackson v. Hayakawa*, *supra*, 682 F.2d at 1347.

Service of process should be quashed, and GARCIA, RUTLEDGE, and CORTA should be dismissed from this action due to Plaintiff's failure to properly serve the Summons and Complaint.

## V.
## CONCLUSION

In light of the foregoing, specially appearing defendants, GARCIA, RUTLEDGE, and CORTA, respectfully request the Court quash Plaintiff's ineffective attempt at service of process and dismiss any and all claims against them based on the same.

DATED: June 30, 2020                    Respectfully submitted,

                                        MICHELLE D. BLAKEMORE
                                        County Counsel


                                        */s/ Laurel A. Hoehn*
                                        LAUREL A. HOEHN
                                        Deputy County Counsel
                                        Attorneys for Defendant
                                        County of San Bernardino

7
NOTICE OF MOTION AND MOTION TO QUASH

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On **June 30, 2020**, I served the following documents (*specify*): **NOTICE OF MOTION AND MOTION TO QUASH SERVICE AND/OR DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FED. R. CIV. P. 12(b)(5)]**

I served the documents on the persons below, as follows:

| | |
|---|---|
| Sharon J. Brunner, Esq. | James S. Terrell, Esq. |
| Law Office of Sharon J. Brunner | Law Office of James S. Terrell |
| 14393 Park Avenue, Suite 100 | 15411 Anacapa Road |
| Victorville, CA 92392 | Victorville, CA 92392 |
| T: 760-243-9997 | T: 760-951-5850 |
| F: 760-843-8155 | F: 760-952-1085 |
| Attorney for Plaintiff | Attorney for Plaintiff |

The documents were served by the following means:

**X     By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

DATED: June 30, 2020                         */s/ Alejandra Ramirez*
                                             ALEJANDRA RAMIREZ, Declarant