LAUREL A. HOEHN (CA State Bar No. 232946)
Deputy County Counsel
MICHELLE D. BLAKEMORE (CA State Bar No. 110474)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415
Telephone: (909) 387-5287
Facsimile: (909) 387-4069
E-Mail: laurel.hoehn@cc.sbcounty.gov

Attorneys for Defendant, County of San Bernardino

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, JULIO GARCIA, PROBATION OFFICER RUTLEDGE, YBON CORTA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:20-cv-01135-JGB-KKx<br><br>**COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Assigned to:<br>Honorable Jesus Bernal<br>United States District Judge<br><br>Referred to:<br>Honorable Kenly Kiya Kato<br>United States Magistrate Judge |

Defendant COUNTY OF SAN BERNARDINO (hereinafter referred to as "County"), and no others, now answers Plaintiff JANE DOE'S (hereinafter referred to as "Plaintiff") Complaint on file herein and denies any and all such allegations and further admits or denies the specific allegations of the Complaint and states all applicable affirmative defenses as follows:

## **INTRODUCTION**

1.    The County admits that Plaintiff seeks compensatory, statutory and punitive

damages against named Defendant Julio Garcia, unknown DOES, and the County (except punitive) for alleged violations of the United States Constitution and California laws related to torture, rape, and excessive force upon Plaintiff on or about May 25, 2019 and June 2019 after she reported improper advances, but upon information and belief, deny any wrongdoing.

## JURISDICTION AND VENUE

2.     The County admits that the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff's claims arise under the law of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  The County also admits that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3.     The County admits that venue is proper in this Court because all incidents giving rise to this action occurred in the County of San Bernardino, California.

4.     The County denies that Plaintiff submitted a Claim for Damages to the County of San Bernardino on or about November 4, 2019.  The County admits that Plaintiff submitted a Claim for Damages to the County of San Bernardino on or about October 24, 2019.

5.     The County admits that it rejected Plaintiff's Claim for Damages on December 2, 2019.

## PARTIES AND JURISDICTION

6.     Upon information and belief, the County admits that at all relevant times, Plaintiff was a resident of the County of San Bernardino and the State of California.

7.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

8.     The County admits that it was, and now is, a municipal entity or political subdivision organized and existing under the laws of the State of California.

9.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

10.     The County admits that Defendant YBON CORTA ("Corta") is and was a Probation Officer employed by the County of San Bernardino.  The County further admits that Plaintiff sues him in his individual and official capacities.

11.     The County admits that Defendant RUTLEDGE ("Rutledge") is and was a Probation Officer employed by the County of San Bernardino.  The County further admits that Plaintiff sues him in his individual capacity.

12.      The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

13.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

14.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

15.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

16.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

17.     Upon information and belief, the County admits that the Complaint concerns various incidents that occurred while Plaintiff was on probation in San Bernardino County in 2019.  The County is without sufficient knowledge or information to admit or deny whether Plaintiff was in compliance with her probation at all times and therefore, denies the same.

18.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

19.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

20.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

///

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1

## **FACTS**

2      21.    The County admits that in 2019, Plaintiff was a probationer.  The County is
3   without sufficient knowledge or information to admit or deny the remaining allegations in
4   said paragraph and therefore, denies the same.

5      22.    Upon information and belief, the County admits the allegations contained in
6   this paragraph.

7      23.    The County is without sufficient knowledge or information to admit or deny
8   the allegations in said paragraph and therefore, denies the same.

9      24.    The County is without sufficient knowledge or information to admit or deny
10   the allegations in said paragraph and therefore, denies the same.

11      25.    The County is without sufficient knowledge or information to admit or deny
12   the allegations in said paragraph and therefore, denies the same.

13      26.    The County is without sufficient knowledge or information to admit or deny
14   the allegations in said paragraph and therefore, denies the same.

15      27.    The County is without sufficient knowledge or information to admit or deny
16   the allegations in said paragraph and therefore, denies the same.

17      28.    The County is without sufficient knowledge or information to admit or deny
18   the allegations in said paragraph and therefore, denies the same.

19      29.    The County is without sufficient knowledge or information to admit or deny
20   the allegations in said paragraph and therefore, denies the same.

21      30.    The County is without sufficient knowledge or information to admit or deny
22   the allegations in said paragraph and therefore, denies the same.

23      31.    The County is without sufficient knowledge or information to admit or deny
24   the allegations in said paragraph and therefore, denies the same.

25      32.    The County is without sufficient knowledge or information to admit or deny
26   the allegations in said paragraph and therefore, denies the same.

27      33.    The County is without sufficient knowledge or information to admit or deny
28   the allegations in said paragraph and therefore, denies the same.

34.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

35.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

36.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

37.     The County admits that Plaintiff appeared at the SBCSD Victorville Station and reported inappropriate text messages from Defendant Garcia.  The County is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph and therefore, denies the same.

38.     The County admits that Plaintiff showed investigating deputies certain text messages and told them they could not download the same.  The County is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph and therefore, denies the same.

39.     The County admits that Defendant Rutledge made a home visit at Plaintiff's residence.  The County is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph and therefore, denies the same.

40.     The County admits Plaintiff met with Defendant Corta and he asked questions about the text messages from Defendant Garcia.  It is further admitted that Plaintiff allowed Defendant Corta to photograph the text messages she had on her phone. The County is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph and therefore, denies the same.

41.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

42.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

43.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

44.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

45.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

46.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

47.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

48.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

49.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

50.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

51.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

52.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

53.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

54.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

55.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

///

///

///

///

6

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

## (By Plaintiff JANE DOE Against GARCIA and DOES 3-4 Based on Unreasonable Search and Seizure)

### [42 U.S.C. § 1983]

56.     The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

57.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

58.     The County admits that at one time, Defendant Garcia was issued an official badge and identification as part of his employment with the County, but denies the remaining allegations contained in this paragraph.

59.     The County denies the allegations contained in this paragraph.

60.     The County denies the allegations contained in this paragraph.

61.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

62.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

63.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

64.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

65.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

66.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

67.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

68.     The County is without sufficient knowledge or information to admit or deny

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

the allegations in said paragraph and therefore, denies the same.

69.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

70.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

71.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

72.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## SECOND CAUSE OF ACTION

**(By PLAINTIFF against DEFENDANT GARCIA and DOES 3-4 Based on Unreasonable Intrusion of Privacy and Behavior that Shocks the Conscience) [42 U.S.C. § 1983]**

73.    The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

74.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

75.    The County admits that at one time, Defendant Garcia was issued an official badge and identification as part of his employment with the County, but denies the remaining allegations contained in this paragraph.

76.    The County denies the allegations contained in this paragraph.

77.    The County denies the allegations contained in this paragraph.

78.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

79.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

80.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

81.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

82.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

83.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

84.     The County denies the allegations contained in this paragraph.

85.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

86.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

87.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

88.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

89.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## **THIRD CAUSE OF ACTION**

### **(By PLAINTIFF Against COUNTY and DOES 5-10 for Monell/Failure to Supervise)**

### **[42 U.S.C. § 1983]**

90.     The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

91.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

92.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

93.     The County is without sufficient knowledge or information to admit or deny

9

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

the allegations in said paragraph and therefore, denies the same.

## FOURTH CAUSE OF ACTION

### (By PLAINTIFF Against Defendant YBON CORTA for Failure to Supervise)

### [42 U.S.C. § 1983]

94.     The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

95.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

96.     The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## FIFTH CAUSE OF ACTION

### (By PLAINTIFF Against COUNTY and DOES 5-10 for State Created Danger)

### [42 U.S.C. § 1983]

97.     The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

98.     The County admits that Plaintiff reported information about certain text messages to the San Bernardino County Sheriff's Department, but denies it deprived Plaintiff of her rights under the Fourteenth Amendment to the Constitution and the remaining allegations contained in this paragraph.

99.     The County admits that Plaintiff showed Detective Kuntzman certain text messages, but deny as to the remaining allegations.

100.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

101.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

102.    The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

103.    The County is without sufficient knowledge or information to admit or deny

the allegations in said paragraph and therefore, denies the same.

104.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

105.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

106.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

107.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

108.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

109.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

## SIXTH CAUSE OF ACTION

### (By PLAINTIFF Against All Defendants for Ralph Civil Rights Act)

### [Violation of Cal. Civ. Code § 51.7]

110.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

111.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.  The County denies it is vicariously liable for the alleged acts of Defendant Garcia.

112.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

113.   The County admits the allegations contained in this paragraph.

114.   The County denies it subjected Plaintiff to violation and/or intimidation by threats of violation, against her person on account of her sex and/or acted to aid, incite and/or conspire with other Defendants to deny Plaintiff her rights, and is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph

and therefore, denies the same.

115.   The County denies violating Plaintiff's civil rights and is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph and therefore, denies the same.

116.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

117.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

118.   The County denies the allegations contained in this paragraph.

119.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

120.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## SEVENTH CAUSE OF ACTION

### (By PLAINTIFF Against Defendant GARCIA and DOES 3-4 for Assault)

121.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

122.   The County denies it is vicariously liable for the alleged acts of Defendant Garcia and is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph and therefore, denies the same.

123.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

124.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

125.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

126.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

127.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

128.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

129.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## EIGHTH CAUSE OF ACTION

**(By PLAINTIFF Against Defendant GARCIA and DOES 3-4 for Battery)**

**[Cal. Gov't Code §§ 815.2(a), 820(a); Cal.Civ. Code § 43]**

130.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

131.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.  The County denies it is vicariously liable for the alleged acts of Defendant Garcia.

132.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

133.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

134.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

135.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

136.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## NINTH CAUSE OF ACTION

**(By PLAINTIFF Against Defendant GARCIA and DOES 3-4 for Sexual Battery)**

137.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

13

138.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.  The County denies it is vicariously liable for the alleged acts of Defendant Garcia.

139.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

140.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

141.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

142.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

143.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

144.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

145.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

146.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## TENTH CAUSE OF ACTION

**(By PLAINTIFF Against Defendant GARCIA and DOES 3-4 for Gender Violence)**

147.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

148.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.  The County denies it is vicariously liable for the alleged acts of Defendant Garcia.

149.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

150.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

151.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

152.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

153.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

154.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## ELEVENTH CAUSE OF ACTION

### (By PLAINTIFF Against All Defendants for Bane Act)

155.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

156.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.  The County denies it is vicariously liable for the alleged acts of Defendant Garcia.

157.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

158.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

159.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.

160.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

161.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

162.   The County is without sufficient knowledge or information to admit or deny

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

the allegations in said paragraph and therefore, denies the same.

163.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

164.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

165.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

166.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## TWELFTH CAUSE OF ACTION

### (By PLAINTIFF Against GARCIA, RUTLEDGE, and DOES 1-4 for Intentional Infliction of Emotional Distress)

167.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

168.   The allegations contained in this paragraph constitutes conclusions of law to which no response is required.  The County denies it is vicariously liable for the alleged acts of Defendant Garcia.

169.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

170.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

171.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

172.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

173.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

///

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## THIRTEENTH CAUSE OF ACTION

### (By PLAINTIFF Against COUNTY and DOES 5-10 for Negligence)

174.   The County incorporates and realleges its specific answers to all preceding paragraphs as if fully set forth within.

175.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

176.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

177.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

178.   The County admits the allegations contained in this paragraph.

179.   The County denies the allegations contained in this paragraph.

180.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

181.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

182.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

183.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

184.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

185.   The County is without sufficient knowledge or information to admit or deny the allegations in said paragraph and therefore, denies the same.

## PRAYER

Answering Paragraphs 1-7 in this section, the County denies Plaintiff is entitled to any of the relief requested.

///

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

# **AFFIRMATIVE DEFENSES**

The County alleges the following affirmative defenses to Plaintiff's Complaint.  In asserting these affirmative defenses, the County does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff:

1.    The Complaint, and each claim for relief set forth therein, fails to state a claim and/or claims for relief.

2.    The Complaint fails to state facts sufficient to constitute a cause of action against the County as the facts alleged on the face of the Complaint disclose that Garcia's alleged acts were malicious, outside the scope of his employment, and fails to show any basis for statutory liability against the County for the same.

3.    The policies, practices and procedures of the San Bernardino County Probation Department complied, at all relevant times herein, with all applicable state and federal law, as well as the U.S. Constitution, thus barring all claims herein.

4.    The state based causes of action in the Complaint are fatally defective to the extent that they attempts to state causes of action and/or facts not fairly reflected in a timely filed government tort claim.

5.       At the time of the incident referred to in Plaintiff's Complaint, the Plaintiff was negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that Plaintiff's negligence or fault must be compared with the negligence or fault, if any, of the County (which is denied), as well as that of any other persons and parties, and that any award to the Plaintiff must be reduced by the amount that the Plaintiff's negligence or fault contributed to her injuries and damages.

6.    Upon information and belief, at the time and place of the accident alleged in the Plaintiff's operative Complaint, the Plaintiff knew of the danger and risk incident to her activity, but nevertheless freely and voluntarily exposed herself to all risks of harm and thus assumed all risk of harm incidental thereto.

7.    Upon information and belief, Plaintiff is estopped by her conduct to assert

---

18

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

the allegations in the operative Complaint.

8.      If the County's conduct is found to have been wrongful, which the County has denied and continues to deny, then, upon information and belief, Plaintiff's claim is barred by the doctrine of unclean hands.

9.      The County acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights possessed by Plaintiff, or any duty owed to Plaintiff.

10.     The injuries and damages, if any, sustained by Plaintiff at the time or times and place or places alleged in the operative Complaint were a direct and proximate result of the acts, omissions, or negligence of third parties not within the knowledge or control of the County, and were sustained, if at all, without any negligence on the part of this the County.

11.     The County has never taken any action with a conscious disregard of Plaintiff's rights, and has not engaged in any conduct with respect to Plaintiff which would constitute oppression, fraud or malice, nor has the County ratified or approved any such act or acts of others.

12.   The claims asserted herein are patently meritless and frivolous, entitling the County to attorneys' fees pursuant to 42 U.S.C. Section 1988.

13.     The Plaintiff failed to mitigate damages.

14.     The County is immune from any damages otherwise awardable pursuant to section 3294 of the Civil Code or any other damages imposed primarily for the sake of example or by way of punishing the County pursuant to Government Code section 818.

///

///

///

///

///

///

19

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

WHEREFORE, the County prays as follows:

(1)     That Plaintiff takes nothing by reason of her Complaint on file herein;

(2)     That the Complaint be dismissed;

(3)     For costs of suit incurred herein, including attorneys' fees; and

(4)     For such other and further relief as the Court deems just and proper.

DATED: July 1, 2020                    Respectfully submitted,

                                       MICHELLE D. BLAKEMORE
                                       County Counsel


                                       */s/ Laurel A. Hoehn*
                                       LAUREL A. HOEHN
                                       Deputy County Counsel
                                       Attorneys for Defendant
                                       County of San Bernardino

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure Rule 38 and Local Rule 38, Defendants demand a trial by jury.

DATED: July 1, 2020                    Respectfully submitted,

MICHELLE D. BLAKEMORE
County Counsel


*/s/ Laurel A. Hoehn*
LAUREL A. HOEHN
Deputy County Counsel
Attorneys for Defendant
County of San Bernardino

COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On **July 1, 2020**, I served the following documents (*specify*): **COUNTY OF SAN BERNARDINO'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

I served the documents on the persons below, as follows:

Sharon J. Brunner, Esq.                      James S. Terrell, Esq.
Law Office of Sharon J. Brunner        Law Office of James S. Terrell
14393 Park Avenue, Suite 100            15411 Anacapa Road
Victorville, CA 92392                          Victorville, CA 92392
T: 760-243-9997                                 T: 760-951-5850
F: 760-843-8155                                 F: 760-952-1085
Attorney for Plaintiff                           Attorney for Plaintiff

The documents were served by the following means:

**X      By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

DATED: July 1, 2020                    */s/ Alejandra Ramirez*
                                                  ALEJANDRA RAMIREZ, Declarant